UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| CYNTHIA SIMS-MCGHEE; and <br> DANIEL MCGHEE, <br>                    Plaintiffs, <br><br> v. <br><br> TERRY R. ZOPH; <br> RST FARMS; <br> RONALD T. RISTER, as co-executor of the Estate of Freddie Tim Rister; <br> SCOTT RISTER, as co-executor of the Estate of Freddie Tim Rister; <br> RONALD RISTER, as co-trustee of the Edith M. Rister Trust; <br> SCOTT RISTER, as co-trustee of the Edith M. Rister Trust; <br> SCOTT RISTER d/b/a RST Farms; <br> RONALD RISTER d/b/a RST Farms; <br> RONALD RISTER, individually; <br> SCOTT RISTER, individually; <br>                    Defendants. | CASE NO.: 3:18-cv-1727 |

**COMPLAINT AND JURY TRIAL DEMAND**

Come now the Plaintiffs, Cynthia Sims-McGhee ("Cynthia") and Daniel McGhee ("Daniel"), by counsel, and for their cause of action allege and state as follows:

1. Jurisdiction and venue are proper in this Court in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, to-wit:

    (a) Plaintiffs are citizens of the State of Indiana residing in Evansville, Vanderburgh County, Indiana, and at all times relevant hereto were and continue to be husband and wife;

(b)  Defendant, Terry R. Zoph ("Zoph"), at all times relevant herein was a citizen of Saline County, Illinois;

(c)  Defendant, RST Farms, is an Illinois company with its principle place of business located at 19120 Jackson New Hope Road, Omaha, Gallatin County, Illinois 62871-2619 and is owned and operated by and/or its owners and/or operators, including Zoph, Ronald Rister, Scott Rister, Estate of Freddie Tim Rister ("Freddie Estate"), and Edith M. Rister Trust (all collectively referred to herein as "RST Farms").

(d)  Defendant, Ronald Rister, at all times relevant herein was a citizen of Gallatin County, Illinois is a defendant in this matter in his capacities as:

   i.   Co-executor of the Freddie Estate;
   ii.  Co-trustee of the Edith M. Rister Trust;
   iii. D/B/A RST Farms; and
   iv.  Owner and operator of RST Farms (collectively, "Ronald").

(e)  Defendant, Scott Rister, at all times relevant herein was a citizen of Gallatin County, Illinois is a defendant in this matter in his capacities as:

   i.   Co-executor of the Freddie Estate;
   ii.  Co-trustee of the Edith M. Rister Trust;
   iii. D/B/A RST Farms; and
   iv.  Owner and operator of RST Farms (collectively, "Scott").

(f)  The collision which caused Plaintiffs' damages herein occurred in Gallatin County, Illinois, a county properly within the venue of this Court.

2.	On October 6, 2016 at approximately 8:00 p.m., Cynthia was operating her motor vehicle and traveling east bound on Illinois Highway 141 coming back from her mother's home after helping her mother, who was being treated for cancer.

3.	At the same time and place, Zoph was traveling west bound on Illinois Highway 141 and pulling farming equipment that was across the eastbound (oncoming) lane of traffic on Illinois Highway 141, which was Cynthia's eastbound lane.

4.	At the same time and place, Zoph was employed by RST Farms.

5.	At the same time and place, Zoph was driving the motor vehicle and/or farming equipment while acting within the course and scope of his assigned duties for and on behalf of RST Farms.

6.	At the same time and place, Zoph was operating a motor vehicle and/or farming equipment owned by RST Farms.

7.	At the same time and place, the farming equipment did not have any proper lights, reflectors, and/or other warning items on the motor vehicle and/or farming equipment that would warn or provide notice to Cynthia.

8.	As a result, Cynthia violently collided head-on with Zoph's motor vehicle and/or farming equipment that resulted in the crushing and misshaping of Cynthia's vehicle and significantly intruding into the cab of Cynthia's vehicle that caused her to become trapped within her vehicle and sending her vehicle into the adjacent cornfield, where she struck a small hill and came to rest approximately 200 feet from the site of the collision.

9.	As a result of the collision, Cynthia was airlifted from the collision site to Deaconess Hospital in Evansville, Indiana, experienced severe pain and anguish in body and

mind, and diagnosed with serious injuries, including numerous fractures of her right tibia and fibula and other areas of her legs, feet, and ankles.

10. As a result of the collision and her injuries, Cynthia underwent multiple medical procedures, including two (2) surgeries.

11. Cynthia is still actively receiving medical treatment and could require additional surgeries.

12. At the aforesaid time and place, Zoph was negligent, careless, reckless and breached duties owed to Cynthia, which duties were imposed upon him by the common and statutory laws of the State of Illinois, including:

  a. Zoph failed to have the proper lights, reflectors, and/or other warning items on the motor vehicle and/or farming equipment in violation of Illinois law, including 625 ILCS 5/Ch. 12;

  b. Zoph failed to keep a proper lookout;

  c. Zoph failed to steer so as to avoid a collision;

  d. Zoph failed to keep the motor vehicle and/or farming equipment under control;

  e. Zoph failed to maintain a safe speed in violation of Illinois law, including 625 ILCS 5/Ch. 11; and

  f. Zoph failed to yield the right-of-way to Cynthia's vehicle in violation of Illinois law, including 625 ILCS 5/Ch. 11.

13. The above-described acts of Zoph were committed while he was acting individually and/or as an agent, servant, and/or employee of RST Farms.

14. The above-described acts of Zoph were committed within the scope of his agency and while furthering the business interests of RST Farms.

15. As the principals for Zoph, RST Farms are responsible for all of the above-described acts of Zoph.

16. RST Farms had a duty to Plaintiffs to act reasonably, including:

   a. To select, train, and/or retain an agent, servant, and/or employee who was competent and fit to perform the required duties;

   b. To have its motor vehicle and/or farming equipment have proper lights, reflectors, and/or other warning items on the motor vehicle and/or farming equipment that would warn or provide notice to Cynthia;

17. RST Farms knew, or should have known:

   a. That Zoph would be likely to operate a motor vehicle and/or farming equipment in a negligent and reckless manner;

   b. That Zoph was not competent or fit for the duties required of him as an agent, servant, and/or employee.

   c. That the motor vehicle and/or farming equipment did not have proper lights, reflectors, and/or other warning items that would warn or provide notice to Cynthia;

18. As a result of the foregoing, RST Farms breached its duties to act reasonably that were imposed upon them by the common and statutory laws of the State of Illinois and, thereby, acted negligently.

19. As a direct and proximate cause of the above-described acts of RST Farms and Zoph, Cynthia has suffered and will continue to suffer from temporary and permanent physical

injuries, conscious mental anguish, pain and suffering in the past and in the future, past and future medical expenses, lost wages, and other out-of-pocket expenses.

20. As a direct and proximate result of the foregoing, Cynthia's spouse, Daniel, has been deprived, continues to be deprived, and expects to be deprived in the future, of his spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for a non-determinable length of time, which deprivation has caused, continues to cause, and in the future is expected to cause Daniel to suffer depression, emotional distress, loss of earning capacity, past, present, and future, and other injuries, the full extent of which has not yet been ascertained, but which will be stated according to proof at trial.

21. All of the above damages were directly and proximately caused by the above-described acts of RST Farms and Zoph and were incurred without contributory negligence or assumption of the risk on the part of Plaintiffs, or an opportunity for Cynthia, to avoid the collision.

WHEREFORE, Plaintiffs, Cynthia Sims-McGhee and Daniel McGhee, respectfully request judgment against the Defendants, in a sum sufficient to compensate them for all damages caused by said Defendants, including:

A. For general non-economic damages according to proof at trial;

B. For medical expenses and other economic damages according to proof;

C. For prejudgement interest according to proof;

D. For damages for plaintiffs other economic and non-economic losses, if any, according to proof;

E. For damages for loss of consortium, as to Daniel, according to proof at trial;

F. For costs of litigation and trial according to proof; and

G. For such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        *s/ Jean M. Blanton*
        Jean M. Blanton, Esq. #6291404
        ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
        20 N. W. First Street, 9th Floor
        P. O. Box 916
        Evansville, IN 47706-0916
        Tel. No. (812) 424-7575
        Fax No. (812) 421-5089
        Email:   jblanton@zsws.com

        Attorneys for the Plaintiffs.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand that this action be tried by a jury.

        Respectfully submitted,

        *s/ Jean M. Blanton*
        Jean M. Blanton, Esq. #6291404
        ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
        20 N. W. First Street, 9th Floor
        P. O. Box 916
        Evansville, IN 47706-0916
        Tel. No. (812) 424-7575
        Fax No. (812) 421-5089
        Email:   jblanton@zsws.com

        Attorneys for the Plaintiffs.